## Barker *against* Maxwell.

A contractor, being the builder, and a contractor under him, not recognized by the owner, can not unite as partners in filing a claim for their work against the building. The sub-contractor, in such case, should file a separate claim for his work, against the owner and the builder with whom he contracted.

ERROR to the common pleas of *Beaver* county.

Robert Maxwell and Thomas Morgan against Richard B. Barker. *Scire facias sur* mechanics' lien. On the 6th of June 1836, Thomas Morgan and Richard B. Barker entered into a written agreement, by which the former was to do certain mason-work for the latter at the price stipulated. After the agreement was executed, the plaintiffs in this suit, by an endorsement upon the said agreement, entered into partnership to do the work. The proof was that the defendant refused to have any thing to do with Maxwell. After the work was completed Maxwell and Morgan filed a claim for the amount of the work done, and issued this *scire facias* to recover the same.

The objection to the plaintiffs' recovery was, that the plaintiffs could not file a joint claim, or maintain this *scire facias* upon it. But the court below was of opinion that the plaintiff was entitled to recover, and so instructed the jury.

*Agnew*, for plaintiff in error.
*Shannon*, for defendant in error.

Per Curiam.—There is at least one objection to this claim, which is fatal to it. Maxwell had no power, by his own act, to constitute himself the defendant's creditor; nor does the statute legitimate his claim as such. He came into the business under the contractor, who was also the architect or builder; and what did the statute authorise him to do in that predicament? Simply to file his claim against the property, setting forth the name of the owner of the building; and also the name of the architect or builder, *as such*, with whom he contracted. On that head the statute is distinct and positive. Maxwell, however, filed his claim, not separately as a sub-contractor with the builder, but as his partner in the contract with the owner. No name at all is stated as that of the architect.

[Barker v. Maxwell.]

The plaintiffs can recover, if at all, only on their claim as they have filed it; and that it arose out of a contract with them jointly, is disproved by all the evidence.   The number of stones, as well as the periods of furnishing the materials, are not specified; and the claim may perhaps be deficient in other particulars; but the joinder of Maxwell as a partner is clearly fatal.

Judgment reversed.