## CARNEY VS. THE LA CROSSE & MILWAUKEE RAILROAD COMPANY.

The right of appealing from orders of the circuit court, which set aside or refuse to set aside judgments or sales made under them, must be considered settled.

Where a claim for a lien is filed by a sub-contractor or a person who has furnished to a contractor materials for a building, it is a proper practice to make the *contractor*, as well as the owner of the building, a defendant in the suit, so that the court may adjust all the equities between the parties

But if the contractor is a necessary party in such case, his omission must be objected to by demurrer or answer; otherwise the objection is waived.

In an action by a material man against the owner of a building, to enforce a lien (the contractor not having been made a party), the court found that the plaintiff furnished the contractor materials to a certain amount, which were used in the construction of the building; that notice was given to the owner

sufficient to entitle the plaintiff to a lien; and that the owner, at the time of the notice, was indebted to the contractor in a sum exceeding the value of said materials; and judgment was rendered that the plaintiff recover of the owner the amount of his demand; that said sum should be a lien on the building and the interest of the owner in the lot; and that the same should be sold, &c. This court perceives no defect in the finding and judgment.

After judgment establishing a plaintiff's lien for materials, upon a building and the interest of the owner in certain ground, and directing, in general terms, the sale of the property to satisfy the lien, the plaintiff, by request of the defendant's attorney, released from his lien a portion of the ground not covered by the building nor necessary to its use, and caused the residue to be sold by the sheriff. *Held*, that the sale was not irregular for want of conformity to the order of sale.

APPEAL from the County Court for *Milwaukee* County.

*Carney* brought an action against the *La Crosse & Milwaukee Railroad Company*, to enforce a lien for the value of materials furnished by him to Hill & Rudd, who had made a contract with the railroad company to erect for it certain buildings. The railroad company filed a general denial of the complaint. The finding of the county judge was as follows: "I find that the plaintiff furnished to Hill & Rudd, the contractors for building the depot of the defendant described in the complaint, two hundred and forty-seven thousand and one hundred bricks, for which he was to have six dollars and twenty-five cents per thousand; that the brick were used in the construction of said depot; that the plaintiff gave notice to the defendant, on the 5th of October, 1857, sufficient to entitle him to his lien, which notice is in writing and filed among the papers; also that the defendant was, at the time of said notice, indebted to said Hill & Rudd, contractors, in a sum exceeding $2000. I find, as a conclusion of law, that the plaintiff is entitled to a judgment that said premises be sold to satisfy his claim for said brick. Let judgment, therefore, be entered, that the plaintiff has a lien on the said premises, to wit, the block of brick stores on lots 5, 6 and 7, and on the alley between said lots 5 and 6, in block 41, in the second ward of the city of Milwaukee, and all the interest of the defendant in said lots, for the sum of $1,630.87; and that the same be sold to satisfy the amount." On the 29th of September, 1858, the court rendered judgment "that *Joseph Carney* recover of the *La Crosse & Mil-*

*waukee Railroad Company* the aforesaid sum of sixteen hundred and thirty dollars and eighty seven cents," with costs, &c., and adjudged that said sum be a lien upon the buildings described in the complaint, and upon the interest of the defendant in the lands upon which they were situate, [describing them as in the finding], and that said buildings and said interest be sold by the sheriff, &c., to make said sum, with costs, &c. At a subsequent day, the following was filed (or entered) in said cause : "The plaintiff in this cause now comes, and here in court freely remits to the said defendant the judgment and lien of the said plaintiff upon the said lots 5, 6 and 7, in block 41, and on the alley between the said lots 5 and 6, in the second ward, &c., except so much of the said lots as is covered by the brick building mentioned in the petition and complaint in this action, and a further part of said lots and alley of the same width as the said building, and five feet in depth towards the east, in the rear of said building. UPHAM & GRAHAM, Atty's for plaintiff."— The sheriff advertised the whole property for sale as described in the judgment, and by direction of the plaintiff's attorneys, on the 1st of December, 1858, sold " the brick building and block erected by A. Hill & A. V. Rudd for the *LaCrosse & Milwaukee Railroad Company*, and so much of lots 5, 6 and 7, in block 41, in the second ward, &c., and so much of the alley between said lots 5 and 6, as is covered by the said building, and so much further part of the said lots and alley as is of the width of said building, and five feet in depth towards the east, in the rear of said building, being part of the property advertised for sale;" and conveyed the same to the plaintiff, the price bid being the amount required to satisfy the judgment and accruing costs. On the 14th of November, 1860, Crocker, receiver of the property and effects of said *Railroad Company*, made a motion in the county court to set aside the judgment in said action, on the grounds, that the court had no jurisdiction to render it, and that the judgment was irregular and void; and also to set aside the sale made under the judgment, because it was not made in accordance with the judgment and order of the court, and was not authorized by the stat-

June Term,
1862.

CARNEY
v.
LaC. & MIL. R.
R. Co.

ute. This motion was founded upon the record and proceedings on file in the action. Upon the hearing, the counsel who resisted the motion, read the affidavit of Mr. Upham, stating that after said property was advertised for sale, Mr. Ryan, who was then the acting attorney of the *Railroad Company*, agreed with him that if the plaintiff would remit from the lien of said judgment such part of the lots as was not covered by the building therein mentioned, or necessary to its use, he would not interfere with the sale of the residue by injunction or otherwise; and that the affiant thereupon delivered to Mr. Ryan the *remittitur* hereinbefore mentioned, and proceeded to sell such residue with the full knowledge and consent of the *Railroad Company*, as the affiant believed. Counsel also read the affidavit of Mr. Hill, stating that Mr. McGregor, acting director and attorney for said *Company*, and Mr. Ryan, its counsel, were present at the sale so made by the sheriff, and assented thereto; and the affidavit of Mr. Mariner, stating that he was the grantee of the premises sold, claiming under *Carney*, through several mesne conveyances, and that he and his grantors· had been in possession of the property more than eighteen months, and that Crocker was then occupying a part of the premises under a lease from the affiant. The counsel who made the motion objected to the reading of the affidavits, on the ground that they were not admissible for the purpose of resisting a motion which was founded solely on the record in a cause; but the objection was overruled.—From an order denying the motion, Crocker appealed.

*Cary & Pratt*, for appellant:

Crocker, as receiver, represented the *Railroad Company*, its creditors and stockholders (Edwards on Receivers, 274; 3 Coms., 479; 3 Seld., 328), and was not a volunteer in making the motion. Edwards on Receivers, 2—5. From the petition and finding of the court, it appears that the plaintiff had no cause of action against the defendant, but only a right to have the judgment he might be entitled to recover against Hill & Rudd, made a lien on certain premises of the defendant. The finding of the judge was, not that the defendant was indebted to the plaintiff, but tha

Hill & Rudd were. Upon that finding a judgment was entered against the defendant. The judgment is void. The statute provides that such a suit should be against the debtor, and the defendant in this case could only be brought in by *scire facias.* R. S. 1849, p. 617, sec. 8. This was not done, and the court acquired no jurisdiction to render such a judgment. The claim should have been filed against the owner and the contractor. *Barker vs. Maxwell,* 8 Watts, 478. 2. The sale was not in accordance with the judgment, which directed the sheriff to sell the building and premises as an entirety, as the statute required. Rev. Stat. 1849, chap. 120; *Dewey vs. Fifield,* 2 Wis., 73. The court might have ordered a sale of a portion of the premises, if satisfied that it was for the interest of the party, but having ordered a sale of the entirety, it was not for the sheriff to disobey the order, and the sale was a nullity. 8 Wis., 277; S. C., 4 id., 31; 4 Edwards, 700; 2 Johns Ch., 154; 5 B. Mon., 337; 3 P. Wms., 283; 3 Bligh, 181–6; 1 Yeates, 308. 3. No affidavits should have been received in opposition to the motion. The record must stand or fall by itself, unsupported by affidavits.

*E. Mariner,* for respondent.

By the Court, COLE, J. The practice of appealing from orders of circuit or county courts which set aside, or refuse to set aside, judgments or sales under them, has obtained for years in this court, and must be considered as settled. If the practice is found to be wrong or inconvenient, the legislature can readily change it; but until this is done, appeals from such orders will be entertained. This is all we deem it necessary to say upon the question as to the appealability of this order.

It is contended that the receiver of the railroad company, not being in any sense a party to the record, had no right to move to set aside and vacate the judgment entered, and sale had thereunder, in the court below. The conclusion at which we have arrived upon the merits of the motion, renders it unnecessary to pass upon the correctness of this position. For, assuming that he had a right to make that motion, we

June Term, 1862.

CARNEY v. LaC. & Mil. R. R. Co.

September 1.

June Term,
1862.

CARNEY
v.
LAC. & MIL. R.
R. Co.

are still of the opinion that the same was properly overruled, for reasons which we will now briefly state.

It is claimed and insisted that the county court had no jurisdiction to render the judgment for a lien upon the premises, which was given in this cause. The particular objection is, that Hill & Rudd, the contractors of the company, were not made parties to the proceedings to enforce the lien. When the claim for a lien is filed by a sub-contractor or a person who has furnished materials for the building, it seems to be a wholesome and proper practice, to make the contractor, as well as the owner of the building, a party to the suit. This will enable the court to settle and adjust all the accounts and equities between the parties, and give a lien upon the building for only so much as, upon investigation, the claimant may be entitled to.

Now assuming that there was a defect of parties in consequence of the omission to make Hill & Rudd parties to the suit, it is very clear that the objection does not go to the jurisdiction of the court. It was an error that the rail road company could take advantage of at a proper stage of the proceedings but it does not oust the court of jurisdiction. The court could still go on and give the material man a lien upon the building and the interest of the company therein, notwithstanding this defect of parties. The statute declares that where there is a defect of parties plaintiff or defendant, the objection must be taken either by demurrer or answer, or it shall be deemed to be waived. Sections 49, 52 and 53, Code; R. S. 1858, chap. 125, sections 5, 8 and 9.

In support of the position that the court acquired no jurisdiction to render a judgment for a lien in this case, we were referred to *Barker vs. Maxwell*, 8 Watts, 478. That case by no means goes to this extent, as an examination of it will show. The case came up on error, and the court held that under the laws of Pennsylvania, the sub-contractor should file his claim against the owner of the property and the builder or architect with whom he contracted. The statute of that state is essentially different from our own, requiring this to be done. See Purdon's Digest, page 684. But while we deem this a very proper practice, even under our

statute, and one which the rail road company might have insisted upon being followed, had the objection been taken in time, yet it is not such an error as renders the judgment void for want of jurisdiction, or so irregular as to authorize a court to set it aside on motion. It will be borne in mind, that in this case the company was served with process, and answered. No objection was made, that there was a defect of parties. Now, after judgment has been rendered, and a sale had under it, to permit the receiver to come in on motion and take advantage of this irregularity in the proceedings, would be a violation of all salutary and well settled legal principles.

It was also objected that the court did not find that the company was indebted to the respondent, or that he was entitled to judgment against it, but only that he was entitled to judgment generally and a lien on the premises. The court did find as matters of fact, that the respondent furnished Hill & Rudd, the contractors for building the company's depot described in the complaint, a certain quantity of brick, and the price thereof; that the brick was used in the construction of said depot; that notice was given the company sufficient to entitle him to his lien; and that the company, at the time of giving the notice, was indebted to the contractors in a sum exceeding the value of the materials furnished. Judgment and lien were accordingly given in favor of the respondent, upon the building and premises mentioned in the complaint. We are unable to perceive any error or defect whatever in this judgment and finding. It is in strict conformity to the facts and law of the case as we understand them.

Again it is insisted that the sale was unauthorized, not being in accordance with the judgment or order of the court. This objection is based upon these facts. It appears that after the judgment was rendered, the respondent remitted his lien upon such parts of the lots mentioned in the judgment as were not covered by the depot or necessary to its use. This was done upon an understanding with the attorney of the company, who agreed if the remitment was made, the sale might proceed as to the residue of the premises. It is now claimed that the remitment and agreement were void, or of

June Term,
1862.

no effect, and that consequently the sale made in furtherance of it was erroneous. We fail to perceive any satisfactory reason why the respondent could not waive his lien and judgment as to a part of the premises. Who could possibly be injured by his doing so? Certainly not the company, since the waiver was clearly for its advantage. It appears to us that this objection is not worthy of any further consideration.

The order of the county court, refusing to vacate and set aside the judgment and sale, must be affirmed, with costs.