No. 8380.

## McGrew et al. *v.* McCarty et al.

MECHANIC'S LIEN.—*Decedents' Estates.*—A mechanic's lien upon lands of the ancestor may be enforced against the lands in the hands of his heir, but a personal judgment against the heir can not be obtained.

SAME.—*Notice.*—A joint notice of mechanic's lien by two or more persons having separate claims against distinct parcels of property is bad; so also is a single notice by one against separate parcels, seeking to charge both parcels with the aggregate of his claims against each.

PRACTICE.—*Demurrer.*—*Motion to Strike Out.*—A bad complaint should be met by demurrer, but, if the right result be reached by a motion to strike out, the irregularity is not available error.

From the Harrison Circuit Court.

*S. K. Wolfe, A. Stephens, W. H. H. Hudson* and *G. W. Self,* for appellants.

*W. T. Jones,* for appellees.

ELLIOTT, C. J.—This is an action to enforce liens asserted by the appellants, as mechanics and material men, against real estate of which George McCarty died the owner. The complaint alleges that the liens were acquired in McCarty's lifetime, and that the appellees are his children and heirs.

A complaint alleging that materials were furnished for, and used in the construction or repair of, a building, does not entitle the plaintiff to recover a personal judgment against the heirs of the person who dies the owner of the property. The lien, if valid, may be enforced against the property, but it can not be allowed to create a personal liability against the heirs.

Appellants complain of the ruling of the court sustaining appellees' motion to strike out part of their complaint. We do not deem it necessary to consider this question. The complaint is bad either with or without the part rejected by the court. One of the notices of the liens is a joint one by several persons holding separate claims against distinct pieces of property, and the other notice is by one person, but against at least two different parcels of property. The principle laid down in *Hill* v. *Braden,* 54 Ind. 72, decides this case against the appellants. It was said in that case: "Our mechanics' lien law, by its terms, contemplates only a separate lien on a single building; not a joint lien on several buildings." At another place, it is said: "So far as the lien is given upon the lot or land, it is only as an incident to the lien upon the house on the lot or land, for the materials in the house; the house and lot or land on which it stands, the curtilage, constituting one parcel of real estate. As the mechanics' lien act contemplates only liens on separate pieces of property, so it contemplates only a notice of intention to hold a lien on a separate piece of property, including, of course, its appurtenances." This doctrine is approved in the later case of *Wilkerson* v. *Rust,* 57 Ind. 172. The reason of the rule is thus given by Mr. Phillips: "If the work be done or materials are furnished upon distinct premises, the lien must be against each of the several premises, according to the value of the work and materials incorporated in each, and not against both for the aggregate amount. The reason a joint claim may be sustained against several houses put up at the same time, without an interval between them, is, that they may be considered as one

building, and, consequently, as an integer or unit which may be covered by one claim. But this can not be asserted with any truth in case where there is an interval, however small, which prevents the whole from being one continuous structure. It has accordingly been held that a joint claim against separate blocks of houses in different streets is a nullity, and the same principle applies to different blocks on different sides, or on the same side of the same street, and in every instance where the structure against which the claim is filed is not substantially one building." Phillips Mech. Liens, section 376. There is still another reason supporting the rule. The theory of the law is that credit is given to the identical building for which the materials are furnished or upon which the work is done. Each building represents a distinct and separate security. One building can not be made to stand as the security for another. In truth, each building stands as a several debtor, and one can no more be made to discharge the debt of another building than one individual debtor can be made to pay a separate claim owing by somebody else to the same creditor. It is upon this principle that those cases may be sustained, which hold that a joint claim can not be supported by proof of a separate right. *Gorgas* v. *Douglas*, 6 Serg. & R. 512; *Morris Co. Bank* v. *Rockaway, etc., Co.*, 1 C. E. Green, 150; *Barker* v. *Maxwell*, 8 Watts, 478; *Chapin* v. *Persse, etc., Works*, 30 Conn. 461; *Landers* v. *Dexter*, 106 Mass. 531.

The complaint in the case before us shows notices against at least three separate parcels of real property, a mill, a distillery, and one hundred and forty acres of land, and therefore falls bodily within the rule.

The correct practice would have been to demur to the complaint, without moving to strike out. Where there is no personal liability, and the entire right of action depends upon the validity of the lien, which affirmatively appears to be invalid, the proper practice is to demur. *Lawton* v. *Case*, 73 Ind. 60. But where a right result is reached no

harm is done, although an inappropriate remedy is adopted. Judgments are not reversed because of harmless errors.

We are not unmindful of the rule, that a complaint good in part will repel an attack by demurrer or motion. We fully recognize this rule. It affords appellants no assistance. The lien filed by one of them alone is void, because it is against separate parcels of property, and he has consequently no cause of action. But if he did have a cause of action the complaint fails. A complaint by one of several plaintiffs must show a cause of action in all. If it were conceded that the appellant, who separately filed a notice of lien, shows a cause of action in himself, it would not save the complaint. Having united in an action with others, whose notice of lien is bad, for two plain reasons, namely, because it is the joint notice of persons whose interests are distinct and several, and because it is directed against separate pieces of property, his cause must fall with theirs.

Judgment affirmed.