## AUSTIN AND NORTHWESTERN R. R. CO. v. RUCKER AND MONTGOMERY.

SUPREME COURT, AUSTIN TERM, 1883.

*Railway—Mechanics' or Laborers' Lien—Parties.--*In a suit to enforce the lien given to mechanics, laborers and operasives upon railroads, the contractor and sub-contractor, under contract with whom the labor was performed, are necessary parties to the suit.

Appeal from Williamson County.

*Maxey & Fisher* and *A. P. Wooldridge,* for appellants.

*T. P. Hughes, D. S. Chessher* and *W. C. Belcher,* for appellees.

Opinion by Stayton, J.

The judgment rendered cannot be construed as a judgment *in*

*personam* against the appellant, without doing so upon some other ground than a fair construction of the language in which it is written. The statute regulating the enforcement of liens given to mechanics, laborers and operatives upon railroads, to secure the payment of their wages, does not declare who shall be made defendants in suits brought to foreclose such liens. It is claimed in this cause that the contractor, and sub-contractor, under contract with whom the labor was performed were necessary parties to the action. This question under the terms of the statute is not entirely free from difficulty, but we are of the opinion that the contractor and sub-contractor should have been made parties.

The right of the appellees, who hold by assignments which we deem valid, the several claims for labor, which are made the basis of the action, depends upon the facts: 1st, That the persons through whom appellees claim, performed the labor for the railroad under a contract with the contractor or sub-contractor. 2nd, That they have never been paid for that labor.

The sub-contractor is the principal debtor in this call, and the person to whom the facts necessary to be established to support or defeat the claims, must be known, and of which the appellant is not presumed to have knowledge, and if the cause can be tried without making him a party, it may be that the appellant, for want of knowledge of the facts of the case, may have a lien foreclosed upon its property when in fact no indebtedness such as would have existed; and at the same time such judgment, and the payment thereof would be no bar to a suit by the sub-contractor against the contractor or the appellant.

It would seem that such parties should be before the court in actions of this character as would enable the court to render a judgment binding upon the contractor, sub-contractor, railway company, and the laborer alike. If the indebtedness is established as between the contractor and sub-contractor, as well as between these persons and the railway company, and the laborer, this gives protection to all when the judgment is paid. This should be done in an action in which they are all parties unless the claim of the laborer has been established as against the other parties by suit prior to the institution of suit to foreclose the lien given by the statute. If all the parties are before the court, all equities between them may be adjusted, and a judgment binding upon those all.

A payment under a judgment so rendered would to its extent, protect a railway company against further demand by the contractor or sub-contractor, as fully as would a payment by a person against whom a judgment in garnishment has been rendered, protect him against his creditors, whose debt he has paid; but if the contractor and sub-contractor are not made parties, such judgment would afford no protection against either of them; for they could not be bound by a judgment rendered in a cause to which they were not parties; and they would be permitted to show that the judgment against the railway company in favor of the laborer was erroneous, either for the reason that the services upon which the claim was based, had never been rendered, or that if rendered, they had been paid for.

In such case a railway company could protect itself only by showing that the laborers claim was well founded. Such burden should not be imposed, and multiplicity of actions encouraged, when the whole matter could be so easily settled in one suit in which all parties in interest are before the court.

It could never have been intended that judgment against railway companies, by which their property may be subjected to sale for debts for which others are primarily liable, should be rendered until the liability of such persons has been established in a suit to which they are parties.

Phillips on Mechanics' Liens, 397.

Sullivan v. Decker, 1 E. D. Smith, 704.

Emmett & Keeper v. Rotary Mill Co., 2 Minn., 290.

Curney v. La Crosse & W. R. R. Co., 15 Wis., 503.

Sinnickson v. Lynch, 1 Deutcher, 319.

Wibbing v. Powers, 25 Mo., 600.

We see no reason to doubt that the lien held by the laborers passed to the appellees by the assignments made to them.

Phillips on Mechanics' Liens, 55.

The several objections made to the testimony of the witness, Anderson, go rather to its weight than to its admissibility, and the fact that all of the claims were not proved to be for labor, would not affect the right of the appellees to recover upon them in so far as they were shown to be for such services as under the statute are secured by lien.

The claims which were withdrawn during the trial, in so far as they were separate and distinct from those upon which the judg-

ment was rendered, went out of the case, and the appellant was not in any manner prejudiced thereby. It was not necessary to bring them into the case in the first instance, and the cause could proceed after they were withdrawn. If any claim entire in its character, was secured and a judgment recovered for a part of it, that might raise a question as to the right of the holder of the claim to institute another suit upon that part of the claim so withdrawn, but it could not offset the right of the appellees to recover upon that part of the claim which remained as a part of the cause of action sued upon. The court did not take into consideration, in determining the amount for which the judgment should be rendered, any matter not under the statute secured by lien

The exception to the petition for the want of necessary parties should have been sustained, and for the error of the court in overruling it, the judgment is reversed and the cause is remanded.