AMERICAN SAVINGS & LOAN ASS'N v. CAMPBELL, Judge.

Upon facts stated in the opinion petition for writ of *certiorari* denied.

(Syllabus by the Court.   Opinion filed Jan. 15, 1896.)

Application for a writ of *certiorari* against A. W. CAMPBELL, judge.   Writ denied.

The facts are stated in the opinion.

*T. H. Null,* for relator.

*A. B. Melville,* for respondent.

KELLAM, J.   This is an application for a writ of *certiorari.* The apparent undisputed facts gathered from the affidavit of the petitioner and the answer of the respondent are as follows: The Huron Hotel Company, a corporation, was the owner of certain lots in the city of Huron, upon which it erected an hotel building; that it borrowed of the petitioner a large sum of money, to secure the payment of which it gave a mortgage upon said property to said petitioner; that the said hotel com-

pany, as principal, with others, as sureties, gave to said petitioner an undertaking to protect it from mechanics' liens that might be claimed against said mortgaged property; that thereafter, and about the time of the completion of said building, numerous claims for mechanics' liens were filed, to enforce one of which action was commenced, in which the petitioner, as mortgagee, and others, as such lienholders, were made parties defendant. Upon the trial of this action it was adjudged that all of said claims for mechanics' liens were superior to the lien of petitioner's mortgage. Such judgment also fixed the amount and the order of priority of the several mechanics' liens, and directed the sale of the premises. Andrew Riegel became the purchaser, and received certificate of sale. The amount realized on such sale was insufficient to satify the mechanics' liens, leaving a balance unpaid of about $1,700. During the redemption year, the petitioner purchased of Riegel his said certificate of purchase, and thereby became the owner thereof. The petitioner then commenced an action against the hotel company and the several sureties on the indemnity undertaking referred to, for the recovery of about $12,000, paid for such certificate, being the amount for which the premises were sold on account of such mechanics' liens. In that action the defendant answered that action (the petitioner here) and the hotel company had previously entered into an agreement that, if the hotel company would make a conveyance of the property to petitioner, it would cancel and satisfy its bond and mortgage for the money loaned, and would assume and pay all mechanics' liens against said property; and that, in pursuance of such agreement, the hotel company had made and delivered such conveyance to petitioner, and that petitioner had accepted the same. Upon the trial of such action, the court found that the allegations of the answer were true, and that the plaintiff was not entitled to maintain such action, and dismissed the case. Thereafter the holders of such mechanics' liens as had been adjudicated and established, but which had not been satisfied from the sale of

said premises, applied to the court for leave to issue execution for the collection of the residue of their claims from said property. The court allowed the same, and an execution was issued, which, upon application of the petitioner, the court refused to set aside. This writ is sought for the purpose of having reviewed the question of the jurisdiction of the court to order a second sale of the premises.

We are not at all clear that the order which it is sought to have reviewed was not appealable, as one affecting a substantial right, made upon a summary application in an action after judgment. Comp. Laws, Sec. 5236. Under the same statutory provision, the Wisconsin supreme court holds that an order which sets aside, or refuses to set aside, a sale for the enforcement of a judgement, is appealable. Carney v. Railroad Co., 15 Wis. 503; Jessup v. Bank, *Id.* 604. If the order was appealable *certiorari* will not lie. Comp. Laws, Sec. 5507. Be this as it may we do not think the court acted outside its jurisdiction in making this order. It was made in an equitable action, in which the court clearly had jurisdiction of the subject matter and it had before it all the parties in interest. Of course, a second execution on the same judgment, against the same defendant, will not ordinarily, justify a second sale of the same property, for the collection of the residue of the judgment; but even to this rule there may be exceptions, as where the defendant has acquired some new interest, or estate in the property, which would be subject to execution, and this case has something of that element in it. It would seem that the petitioner took this property charged, by its own voluntary agreement, with the payment of these liens. It was an express condition to which it consented, and it acquired the title subject to it. The order simply recognized the new relations which the parties themselves had established; and, with all the interested parties before it, the court undertook, by its order, to carry into practical execution the provisions of their agreement in respect to the very property which was the subject of the ac-

tion.  Assuming the facts to·be as they now appear upon the papers, but not intending to express an opinion upon the merits of the controversy, we think the order was one which a court of equity might make without transcending its jurisdiction. The writ is denied.