EMMET & KEIFER, Appellants, *vs.* THE ROTARY MILL Co.,
Respondents.

Under the Lien Law of 1855, page 59, when the claim is against a sub-contractor, the Plaintiffs' remedy was by action against them as the real debtors, and then by *scire facias* against the owners of the building. This course, as provided by Sec. 15 of that Statute, should be strictly pursued.

This action was commenced in the District Court of Ramsey County, to recover a balance on account for lumber furnished by the Rotary Mill Company to the Defendants, which lumber was used by the Defendants in the erection and construction of a certain house on two lots in St. Paul.

The Plaintiffs asked judgment for the balance due, and that the judgment should hold as a lien upon the premises from the date of furnishing the materials. The Defendants answered with a general denial, and the issues thus raised were referred to a special Referee. A trial was had before him, and he filed a special report of the following facts as proved, to wit:

That, at different times, during the months of June and July, and up to and on the 29th day of July, 1856, the Plaintiffs furnished the lumber, and hauled the same for the firm of Smith & Tetans, who were contractors for the building of a certain house for Defendants, which lumber and hauling was furnished and done at the times and for the prices, and was of the value as to each respective article set forth in the schedule annexed to the complaint.

That said hauling and lumber was done and furnished for said Smith & Tetans, contractors, and that they used the same in and about the building of the house upon the premises described in the complaint on file herein.

That, on the 29th day of July, 1856, the Defendant called at the mill of the Plaintiffs, and wanted to know how much lumber Smith & Tetans had got, and wanted a bill, and that Mr. Sproat, who was the clerk of the Plaintiffs, gave him a bill, which was the same bill annexed to the complaint. That the Defendant Keifer said Smith & Tetans were not doing as they agreed, &c.; that Sproat remarked that the lumber had been

delivered, and that he, Sproat, wanted it paid. That the Defendant Keifer said, you need not borrow any trouble about your lumber, we will see you paid—we will pay you for your lumber. That on the 16th day of August, 1856, the Plaintiffs served upon the Defendants a notice of their claim for a lien, for the lumber furnished Smith & Tetans, and used on their (Defendants' house.)

Upon the foregoing facts, the Referee reports, "That I find there is no question but what the notice of the 16th of August served upon the Defendants, will cover all articles furnished within thirty days before that time, and would of course include the bill furnished on the 29th of July. And I further find that the promise made by the Defendants on the 29th of July, was equivalent to a notice to them, and would have the same effect as if a notice similar to that served on the 16th of August, had been actually served upon them on the 29th of July, and would be sufficient to hold them liable for all lumber furnished, within thirty days of that time, and which, according to calculations based upon the evidence before me, I find to be $421,92 and interest."

Judgment was entered upon the report, and the Defendants moved for a new trial, which was refused. An appeal was taken from the order refusing a new trial.

Points and authorities relied upon by Counsel for Appellants:

*First.* Remedies created in and by Mechanics' Lien Laws are of a purely Statutory, and extraordinary nature, and the provisions for their enforcement must be strictly construed. *Roberts vs. Fowler, E. D. Smith's Reports, New York Com. Pleas.* 632.

*Second.* Persons seeking to enforce a lien under the Statute of 1855, must proceed against the party for whom they have furnished materials, or done work, and when the Plaintiff is a sub-contractor by *scire-facias* against the owner of the building or property. *Laws of* 1855, *p.* 59, *Sec.* 15.

*Third.* A promise to answer for the debt, default, or miscarriage of another, for which that other remains liable must be in writing to satisfy the statute of frauds. *See Revised Stat. p.* 208. *Sec.* 2; *Buckringe vs. Darrell, reported in Smith's Lead-*

*ing Cases,* vol. 1, *p.* 316, *and Hare and Wallace's notes there appended.* 4 *Cushing,* 492 ; 6 *Shepley,* 324 ; 9 *Vermont,* 136 ; 3 *Metcalf,* 396 ; 4 *John,* 422 ; 4 *Bar. S. C. Rep.* 131 ; 12 *John's* 290 ; 4 *Denio,* 275 ; 5 *Barn. & Alden,* 595.

*Fourth.* The finding of the Referee is against the evidence in the case. *See evidence in cases from folio* 75 *to folio* 99.

*Fifth.* The Referee erred in admitting the testimony, offered to prove parol promise of Defendants, and excepted to. *See folios* 79 *& 87 in cases.*

*Sixth.* The finding of the Referee upon the facts does not justify his conclusions therefrom. *See report in case folio* 40 *to* 47.

The following are the points and authorities relied upon by the Respondents' Counsel :

*First.* The finding of the Referee was justified by the law and evidence in the case.

*Second.* The proceedings to enforce the lien were strictly in accordance with the provisions of the Law of 1855, page 59, Section 10.

*Third.* The evidence shows that the Defendants had sufficient notice of the Plaintiffs' claim to enable them to a lien upon the property under the foregoing Act, or for so much of the claim as was furnished within thirty days of that time, to wit: the amount reported by the Referee. (See Report, folios 43–6.)

*Fourth.* The promise made by the Defendants on the 29th day of July, that they would pay for the lumber, was an absolute promise, not within the Statute of Frauds. (See report, folios 43–5 ; 1 *E. D. Smith's Rep.* 192, *Briggs vs. Evans*; 4 *Cowen's Rep.* 432, *Farley vs. Cleaveland*; 1 *Smith's Leading Cases, Hare and Wallace's Notes, pp.* 329, 330, and cases cited.)

*Fifth.* The conclusions of law and fact found and reported by the Referee are justified by the evidence in the case.

Sanborn, French & Lund, Counsel for Appellants.

Van Etten & Officer, Counsel for Respondents.

*By the Court*—Lafayette Emmett, Ch. J. This case comes

to us by way of Appeal from an order of the Judge of the 2d Judicial District denying a motion for a new trial. The action was instituted for the purpose of securing a lien on certain real property described in the complaint under the Lien Law of A. D. 1855. The amended complaint alleges that the Plaintiffs furnished certain lumber and did certain hauling for the Defendants, at their special instance and request, and that said lumber was used by the Defendants in and about the erection of a building on said premises. It admits, or rather avers, that the Defendants have paid a portion of the demand therefor and asks judgment for the balance, and that the same may be adjudged a lien on the interest of the Defendants in said building and premises.

The answer is as to the original complaint, which is not found with the papers before us, and it contains many denials not responsive to the complaint as amended; but, by the stipulation of parties, it was agreed that this answer should stand as the answer to the amended complaint, and that all matters in the amended complaint and answer should be considered at issue. The answer is made up of denials; and, rejecting such as have no reference to the allegations of the amended complaint, it will be found that it takes issue upon every material allegation except that relating to the interest of the Defendants in the premises described.

After thus making up the issues, the case was referred to a sole referee, to determine and report upon. The Referee reported in favor of the Plaintiffs, and the Defendants filed exceptions and moved for a new trial, which motion was denied. The case made brings up the Report, and the testimony, and proofs on which the same is founded.

The Report, so far as the facts found are concerned, is, in our opinion, fully sustained by the evidence; but the facts found clearly show that the Plaintiffs were sub-contractors, and, as such, had furnished the lumber and done the hauling in the complaint mentioned—not for the Defendants, nor at their instance or request, but at the instance and request of the firm of Smith & Tetans, who were contractors for the building of the house for the Defendants. Such being the case, the remedy of the Plaintiffs was by action against Smith & Tetans,

the real debtors, and then, by *scire facias* against the owners. This course is clearly marked out by the fifteenth section of the statute referred to, and we hold that the directions of the statute should be strictly pursued.

Where there is an intermediate contractor to whom the credit is given, it is all-important that he should be the party to an action for materials furnished him, as he alone can be presumed to know about the correctness of the claim made, or the proper defence to make, should any exist. The owner of the property may know nothing of either, and would not therefore be in a condition to defend his property against even an illegal demand. He may even have paid the contractor in full, according to the terms of the contract, before notice of any claim by a sub-contractor. Justice to the owner, therefore, requires that the sub-contractor should first exhaust his remedy against his immediate debtor, the contractor, before resorting to the owner and compelling him to pay, perhaps, a second time. Besides, a judgment against the owner in an action by the sub-contractor would not be conclusive on the intermediate contractor, and the owner would be driven to another action against him to recover the amount he has been obliged to pay, and might, in such action, recover less than the amount of the judgment against himself.

A judgment, however, against the intermediate contractor for materials furnished would, no doubt, be conclusive as to the amount etc. against the owner, unless he could show fraud or collusion; and if the sub-contractor has given the notice, and filed his claim, as required by the statute, he can have no difficulty in securing a lien by *scire facias*.

It is, however, contended that the Defendants are liable, upon a subsequent promise, to pay this claim, and that the alleged promise is not within the Statute of Frauds. Without considering the latter part of the proposition, it is sufficient, perhaps, to say that no such promise is declared on, or in issue in this case, nor is there such a promise found by the Report of the Referee. That part of the Report which it is insisted amounts to a finding of a subsequent promise is merely a detail of a conversation which took place between the Defend-

ants and the Agent of the Plaintiffs, and has no connection with any issue made by the pleadings.

Had the Plaintiffs relied upon a promise made by the Defendants to pay for the lumber furnished to the firm of Smith & Tetans, they should have so pleaded.

We hold that the Plaintiffs have mistaken their remedy, and are not entitled to a judgment upon the facts found. The order of the Judge, therefore, denying the motion for a new trial, must be reversed, with costs, and a new trial awarded.