AUSTIN & N. W. R. R. Co. v. RUCKER & MONTGOMERY.

(Case No. 4782.)

1. JUDGMENT IN PERSONAM.— A judgment against a railway company in favor of an assignee of claims for labor performed for a sub-contractor, which forecloses a statutory lien on the property of the company for debt, and orders a sale of the property, cannot be construed as a judgment *in personam.*
2. PARTIES.— In a suit against a railway company by such assignee, the contractor and sub-contractor are necessary parties. If they are not made parties, a judgment rendered against the company would be no bar to a subsequent suit by the sub-contractor against the contractor or the railway company. In all such actions the judgment rendered should be binding upon the company, the contractor, the sub-contractor and the laborer alike.
3. ASSIGNMENT OF LIEN.— The lien secured to laborers on a railway passes by assignment of properly certified evidences of the debt for labor performed for the corporation, and may be enforced by the assignee.

Appeal from Williamson.   Tried below before the Hon. A. S. Walker.

Suit by Rucker & Montgomery in their own right and for the use of Marshall, Vaughn and Vicars, based upon about forty certified due bills which had been executed by G. G. Anderson to certain persons named for labor in constructing defendants' line of railroad from Austin to Burnet.   Anderson was alleged to be a sub-contractor under Sanford & Son, who were original contractors of appellants to furnish cross-ties in constructing its road.   Appellees claimed to be the legal and equitable owners of said bills, by purchase and assignment, except a few named, which were indorsed to appellees for collection.   The bills were due, and the contractors and sub-contractor had failed and refused to pay them.   Appellees claimed a judgment and an order of sale enforcing the right guarantied by art. XVI, sec. 35, Const. of 1875, and to foreclose the lien provided by the act of February 18, 1879.

After hearing the evidence and argument, the court presented its conclusions of fact and of law, and gave a judgment against the defendants' railroad and its equipments.   These findings and the judgment were as follows:

"The court finds from the testimony the following facts:

" 1. That Sanford & Son had a contract with the defendant for delivery of cross-ties for use in construction of the said road of defendant.

" 2. That, under Sanford & Son, G. G. Anderson was a sub-contractor for one hundred thousand cross-ties for use in making said railroad.

" 3. That the road was constructed between October 15, 1881, from Austin to Burnet, and May 1, 1882, and that all the wages sued for was performed in Williamson county, Texas, after October 15, 1881, and before the filing of the suit herein; that the road was built into and through Williamson county, Texas.

" 4. That the accounts hereinafter set out were for wages for laborers in cutting, hewing, and in hauling cross-ties to the right of way of said railroad, and said ties so cut and hauled were used in the construction of said road, and that all of the said labor was performed at the instance of G. G. Anderson, who was a sub-contractor of said company.   The bills show the character of labor, whether cutting and hewing or in hauling.   By hauling is meant labor of the individual in loading upon wagons, driving teams and unloading the ties.   The hire for the wagons and teams is excluded from the account.

"5. The accounts as set out in the petition, and which include each and all of the said items of wages, were indorsed by the original laborers to the plaintiffs, and the plaintiffs by purchase were the legal and equitable owners of all of the said wages accounts, except the last three (Marshall $132, Vaughn $47.15, and J. S. Vickers $25.80); of these the plaintiffs were legal owners by assignment for collection.

"6. The said accounts are due and unpaid and were so at the filing of this suit.

"7. The items as follows were for wages for labor performed in furnishing ties used in the construction of the railroad of the defendant, from Austin to Burnet, through Williamson county, Texas, viz.:

| | |
|---|---|
| Wages of J. D. Smith (for labor hauling cross-ties) | $32 90 |
| Cap Prater (for labor hauling cross-ties) | 3 60 |
| T. J. Asherbranner (cutting and hauling cross-ties) | 12 88 |

"The individual wages allowed each laborer, and what sort of labor he did, are all set out as the above three items are, making a total of $2,035.94.

"On matter of law the court found:

"1. That the assignment to plaintiffs of the wages accounts carried with them the statutory lien.

"2. That the lien exists upon the railroad of the defendant from Austin to Burnet for the amount of said wages.

"3. In excluding from the judgment parts of the claims, the court held that hire for wagons and teams used in hauling ties was not wages for labor as contemplated by the statute, and that for such hire no lien is allowed.

"4. That plaintiffs are not entitled to a personal judgment against the defendant, but only for foreclosure of the lien for said wages. Judgment will be rendered for $2,035.94, to be paid out of sale of road; foreclosure by sale to make said amount, and costs of suit.                    A. S. Walker, Judge 16th Dist.,

"Exchanging with Judge of 17th District, Texas."

Upon facts so found, and as decree thereon in accordance with conclusions of law, the court adjudged:

1. That the plaintiffs do have and recover (for the purpose of enforcing the lien upon the railroad of defendant company as prayed for) the sum of $2,035.94, the amount of wages shown to be due and unpaid, for which a lien exists upon the railroad; and

2. That the lien existing by statute for said wages be enforced to

the extent of said sum of $2,035.94, against the railroad of the defendant built and constructed from Austin, Travis county, to Burnet, in Burnet county, Texas; and

3. That an order of sale do issue requiring the sheriff of Williamson county, Texas, to sell as under execution said railroad and equipments to satisfy the said sum of $2,035.94, and all costs of suit.

*Maxey, Fisher & Wooldridge,* on absence of necessary parties, cited Daniel's Ch. Prac., vol. 1, pp. 282, 283; Phil. on Mech. Liens, § 397; Sullivan v. Decker, 1 E. D. Smith (N. Y.), 704, 712; Webbing v. Powers, 25 Mo., 600; Sinnickson v. Lynch, 1 Dutch. (N. J.), 318, 319; Emmett v. Rotary Mill Co., 2 Minn., 290; Carney v. La Crosse & M. R. R. Co., 15 Wis., 505.

That no judgment *in personam* could be rendered, Act of February 18, 1879, R. S. App., 4; Phil. on Mech. Liens, §§ 307, 447, 448; Grant v. Vandercook, 57 Barb. (N. Y.), 165; Doeller v. Rogers, 16 Mo., 340.

That the lien was not assignable, Phil. on Mech. Liens, sec. 54; Cairo, etc., R. R. v. Fackenay, 78 Ill., 116.

*T. P. Hughes* and *Chessher & Belcher,* for appellees, on the proposition that the judgment was *in rem,* cited Const. of 1875, art. XVI, sec. 35; Act of February 18, 1879, R. S. App., 4; Texas & Pacific R'y Co. v. McMullen, vol. 1, No. 1, Texas Law Rep., p. 17; Jones on Mortgages, vol. 2, sec. 1404; Jones v. Lapham, 15 Kans., 543; Craddock v. Goodwin, 54 Tex., 582; Atcheson v. Troy & Boston R. R. Co., vol. 6, Abbott's Practice Reports (new ed.), p. 330; Balch v. N. Y. & Oswego Midland R. R. Co., 46 N. Y., 523; Warner v. The Hudson River R. R. Co., 5 How. Pr., 455.

The laborer's lien was assignable. Jones on Mortgages, vol. 1, sec. 813; Murphy v. Adams, 71 Me., 113; 36 Am. Rep., 299.

STAYTON, ASSOCIATE JUSTICE.— The judgment rendered cannot be construed as a judgment *in personam* against the appellant, without doing so upon some other ground than a fair construction of the language in which it is written. The statute regulating the enforcement of liens given to mechanics, laborers and operatives upon railroads, to secure the payment of their wages, does not declare who shall be made defendants in suits brought to foreclose such liens. It is claimed in this cause that the contractor and sub-contractor, under contract with whom the labor was performed, were necessary parties to the action.

This question, under the terms of the statute, is not entirely free from difficulty; but we are of the opinion that the contractor and sub-contractor should have been made parties.

The right of the appellees, who hold by assignments, which we deem valid, the several claims for labor which are made the basis of the action, depends upon two facts: 1st. That the persons through whom appellees claim performed the labor for the railroad under a contract with the contractor or sub-contractor. 2d. That they have never been paid for that labor. The sub-contractor is the principal debtor in this case, and the person to whom the facts necessary to be established to support or defeat the claims must be known, and of which the appellant is not presumed to have knowledge; and if the cause can be tried without making him a party, it may be that the appellant, for want of knowledge of the facts of the case, may have a lien foreclosed upon its property, when in fact no indebtedness, such as would give the lien, existed; and at the same time such judgment and the payment thereof would be no bar to a suit by the sub-contractor against the contractor or the appellant.

It would seem that such parties should be before the court, in actions of this character, as would enable the court to render a judgment binding upon the contractor, sub-contractor, railway company and the laborer alike. If the indebtedness is established as between the contractor and sub-contractor, as well as between those persons and the railway company and the laborer, this gives protection to all when the judgment is paid. This should be done in an action in which they are all parties, unless the claim of the laborer has been established as against the other parties by suit prior to the institution of suit to foreclose the lien given by the statute. If all the parties are before the court, all equities between them may be adjusted, and a judgment binding upon them all rendered.

A payment under a judgment so rendered would, to its extent, protect a railway company against further demand by the contractor or sub-contractor, as fully as would a payment by a person against whom a judgment in garnishment has been rendered protect him against his creditor whose debt he has paid. If the contractor and sub-contractor are not made parties, such judgment would afford no protection against either of them, for they could not be bound by a judgment rendered in a cause to which they were not parties; and they would be permitted to show that the judgment against the railway company in favor of the laborer was erroneous, either for the reason that the services upon which the claim was based had never been rendered, or that, if rendered, they had been paid for.

In such case a railway company could protect itself only by showing that the laborer's claim was well founded. Such burden should not be imposed, and multiplicity of actions encouraged, when the whole matter could be so easily settled in one suit in which all parties in interest are before the court.

It could never have been intended that judgments against railway companies, by which their property may be subjected to sale for debts for which others are primarily liable, should be rendered until the liability of such persons has been established in a suit to which they are parties. Phillips on Mechanics' Liens, 397; Sullivan v. Decker, 1 E. D. Smith, 704; Emmett and Keifer v. Rotary Mill Co., 2 Minn., 290; Carney v. La Crosse & M. R. R. Co., 15 Wis., 503; Sinnickson v. Lynch, 1 Dutch., 318; Webbing v. Powers, 25 Mo., 600.

We see no reason to doubt that the lien held by the laborers passed to the appellees by the assignments made to them. Phillips on Mechanics' Liens, 55.

The several objections made to the testimony of the witness Anderson go rather to its weight than to its admissibility, and the fact that all of the claims were not proved to be for labor would not affect the right of the appellees to recover upon them in so far as they were shown to be for such services as under the statute are secured by lien.

The claims which were withdrawn during the trial, in so far as they were separate and distinct from those upon which the judgment was rendered, went out of the case, and the appellant was not in any manner prejudiced thereby. It was not necessary to bring them into the case in the first instance, and the cause could proceed after they were withdrawn.

If any claim, entire in its character, was secured and a judgment recovered for a part of it, that might raise a question as to the right of the holder of the claim to institute another suit upon that part of the claim so withdrawn, but it could not affect the right of the appellees to recover upon that part of the claim which remained as a part of the cause of action sued upon. The court did not take into consideration, in determining the amount for which the judgment should be rendered, any matter not, under the statute, secured by lien.

The exception to the petition for the want of necessary parties should have been sustained, and for the error of the court in overruling it the judgment is reversed and the cause is remanded.

REVERSED AND REMANDED.

[Opinion delivered June 8, 1883.]