Opinion by
Willson, J.
§ 740. Money had and received; action for, maintainable, ivhen; suit for money advanced to pay time checks issued by a railroad contractor; necessary parties; case stated. Appellant brought this suit against appellee and Daniel Moore, Lewis Jennings, John Fitzgerald, George Godfrey and Joe Ware, to recover the amount of certain time checks issued by Daniel Moore, who was a contractor in the construction of appellee’s railroad, and had issued said checks, as such contractor, to said Jennings, Fitzgerald and Joe Ware for labor done on said road, and which said checks had been paid off by and assigned to appellant. It was alleged in the petition that Moore was a non-resident of the state, and that the assignors of the checks were notoriously insolvent. It was alleged that appellant advanced the money to pay off said checks at the special instance and request of appellee, acting through its agent, and upon the promise and undertaking of appellee, acting through said agent, ■that appellee would pay appellant the money so advanced by him; and that it was understood at the time, between *649 said agent and appellant, that the said other defendants were discharged from all liability upon said checks, and that appellaut should look alone to appellee for the repayment of his money so advanced. No service of citation was had upon any of the defendants but appellee, and appellant discontinued the suit as to all the defendants except appellee. When the discontinuance as to the other defendants had been entered, appellee filed a special exception to appellant’s petition, upon the ground of a non-joinder of a necessary party defendant, to wit, the contractor Moore; which exception the court sustained, and dismissed the suit at the cost of appellant. Held: In R. R. Co. v. Rucker, 59 Tex. 587, which was a suit by the assignees of time checks issued by a subcontractor for work done by laborers in the construction of the railroad, brought directly and alone against the railroad company, and asking for a foreclosure of the lien provided by law in such cases, it was held that the subcontractor was a necessary party defendant. But that decision we do not regard as applicable to the question now under consideration. This is not a suit brought under the provisions of the statute [Act February 18, 1879; R. S. App. p. 4], but is, as we understand it, a suit to recover money paid and advanced by appellant, at the special instance and request, and for the accommodation and benefit, of the appellee. It is an action of assumpsit for money had and received. Such an action is maintainable, although the statute gives another remedy, unless the statute in terms or by necessary implication provides otherwise, which our statute does not. [Betts v. Hilliard, 2 Root (Conn.), 131.] Such action is maintainable in all cases where one party has paid money for another, either at such person’s request, express or implied, or where he has, with such person’s assent, express or implied, become liable to pay the same. [4 Wait’s Act. & Def. p. 449.] The allegations in the petition, we think, show a good cause of action against appellee, entirely independent of the contractor Moore. It matters *650 not what may have been the contract, or the state of accounts between appellee and Moore, or whether Moore was liable in respect to the time checks. If appellee requested and authorized appellant to pay said checks on its account, it is liabl), directly and absolutely, to repay the money so paid out by appellant, with legal interest thereon. This being the character of appellee’s liability, Moore, the contractor, was not a necessary party defendant to this suit, and the court erred in sustaining the special exception to the petition.
May 27, 1885.
§ 741. Money had and received; plaintiff in action for, must allege and prove what. To entitle appellant to recover in this action, he must allege and prove: 1. That he paid the money, or its equivalent, for the time checks. 2. That he paid the same at the request, either express or implied, of "appellee. 3. Or that, after payment, appellee expressly promised to pay it back to him. If there was a request to pay the money, express or implied, from that the law implies the requisite promise to repay; and if there was a subsequent express promise to repay it, from that the law implies the requisite previous request. [4 Wait’s Act. & De£. p. 453.] 4. In this case, the alleged request and promise being by an agent, the authority of the agent to thus bind appellee would have to be shown; or if made without authority, that the same were ratified by appellee. These essentials to a recovery are sufficiently alleged by appellant in his petition.
Reversed and remanded.