Opinion by
White, P. J.
§ 763. Parties; railroad contractor is a necessary party to suit against railroad company, when; case stated. This case was before this court on a former appeal, and was reversed and remanded upon questions not now presented. [See W. & W. Con. Rep. p. 210.] Appellee sued appellant upon an account for labor done by him in the construction of its line of road. The evidence showed that he performed the labor, and that it was worth the amount claimed. But it also showed that he performed the labor under contract with one Millett, who was a conti’actor in the construction of appellant’s railroad. Millett was not a party to this suit. Judgment was rendered for appellee for the amount claimed by him. Held: It is now well settled that, in this character of cases, the contractor is a necessary party. [R. R. Co. v. Rucker, 59 Tex. 587.] It is only by virtue of the statute that a subcontractor or laborer has an action directly against the railroad company for the enforcement of the statutory lien. [R. S. App. p. 4; A. & N. W. R. R. Co. v. Daniels, 62 Tex. 70.] The statute alone *670 creates the privity between a subcontractor or laborer and the railroad company, and in a suit against the company by these parties, it is clear that the original contractor is a necessary party to establish privity, and in such suit a personal judgment cannot be had against the company for the debt, but only a judgment establishing-a lien upon the property of the company for such debt..
June 6, 1885.
Reversed and remanded.