[No. 764.   Decided March 21, 1893.]

PACIFIC MANUFACTURING COMPANY, *Respondent*, v.  
SCHOOL DISTRICT NO. 7, KING COUNTY, *Appellant*.

SCHOOLS AND SCHOOL DISTRICTS—LIABILITY FOR MATERIALS FUR-
    NISHED CONTRACTORS—CONSTITUTIONAL LAW.

It is not necessary that a school district should be made a party
to a suit against a contractor for materials furnished in the con-
struction of a school house in order to subject the district to liabil-
ity for failure to take a bond from the contractor as required by
Laws 1887-8, p. 15.

Laws 1887-8, p. 15, requiring bonds to be taken by school districts
as municipal corporations does not violate art. 9, sec. 2, of the con-
stitution, providing that "the entire revenue derived from the com-
mon school fund, and the state tax for common schools, shall be
exclusively applied to the support of the common schools."

*Appeal from Superior Court, King County.*

*A. G. McBride*, *J. F. Miller*, and *William Caldwell*, for
appellant.

*Boyd J. Tallman*, and *C. A. Riddle*, for respondent.

The opinion of the court was delivered by

STILES, J.—The only point of difference between this
case and that of *Maxon v. School District No. 34, Spokane
County*, 5 Wash. 142 (32 Pac. Rep. 110), is that judgment
had been obtained against the contractor before the suit
was brought against the district, and complaint is made that
the district should have been made a party to the former
suit; the evident answer to which is that the statute does
not so require.

It is also urged that art. 9, § 2 of the constitution is vio-
lated by making the law of 1888, requiring bonds to be
taken by school districts as municipal corporations.    The
section alluded to is as follows:

"The legislature shall provide for a general and uniform
system of public schools.    The public school system shall

include common schools, and such high schools, normal schools and technical schools as may hereafter be established. *But the entire revenue derived from the common school fund, and the state tax for common schools, shall be exclusively applied to the support of the common schools.*"

What is meant by the "common school fund" in the second section is fully set forth in the third section. As yet there does not appear to be a "state tax." But neither of these funds need be trenched upon to pay this judgment, since the districts have other resources which are provided in Gen. Stat., §§ 817, 818, 820. Sec. 792 makes it the duty of the boards of directors to pay judgments against their districts.

Judgment affirmed.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

HOYT, J., concurs in the result.