[No. 1010.    Decided November 15, 1893.]

THE STATE OF WASHINGTON, *on the relation of School District No. 24, Snohomish County,* v. L. R. GRIMES, *State Auditor.*

CONSTITUTIONAL LAW — INVESTMENT OF SCHOOL FUND — SCHOOL
DISTRICT BONDS.

Under the provisions of art. 16, §5 of the constitution, authorizing the investment of the permanent school fund "in national, state, county or municipal bonds," the moneys in such fund may be invested in school district bonds, as school districts are municipal corporations within the purview of our state constitution. (HOYT, J., dissents.)

*Original Application for Mandamus.*

*Phil. Skillman,* for relator.

*W. C. Jones,* Attorney General, and *James A. Haight,* for respondent.

The opinion of the court was delivered by

SCOTT, J. — This is an application to compel the respondent to draw a warrant against the permanent school fund in the sum of $35,000 in favor of the relator, to pay the purchase price of its school district bonds.    It is conceded that said bonds have been regularly issued and are in all respects valid, and that they have been regularly sold to and purchased by the board of state land commissioners, and that there is money in the state treasury suf-

ficient in amount for and applicable to the purchase of said bonds, and it is conceded that the sole reason why the respondent refused to issue the warrant therefor was because he was in doubt as to whether a school district is a municipal corporation within the meaning of § 5, art. 16 of the constitution, and this is the only question presented. It is stipulated that the decision upon the petition and demurrer shall be conclusive of the case.

There are a number of sections in the constitution bearing upon this proposition, which will furnish some light in arriving at a conclusion. For instance, a part of § 2, art. 7, reads as follows:

"*Provided further*, That the property of the United States, and of the state, counties, school districts, and other municipal corporations, and such other property as the legislature may by general laws provide, shall be exempt from taxation."

In § 6, art. 8, it is declared that—

"No county, city, town, school district or other municipal·corporation shall for any purpose become indebted in any manner to any amount exceeding one and one-half per centum of the taxable property in such county, city, town, school district or other municipal corporation, without the assent of three-fifths of the voters therein;"

Also that—

"*Provided*, That no part of the indebtedness allowed in this section, shall be incurred for any purpose other than strictly county, city, town, school district or other municipal purposes."

Sec. 7 of art. 8 declares that—

"No county, city, town or other municipal corporation shall hereafter give any money, or property, or loan its money or credit, to or in aid of any individual, association, company or corporation."

In this last section school districts are not specially mentioned, and yet they would be included as municipal cor-

porations.  *Maxon v. School District*, 5 Wash. 142 (31 Pac.
Rep. 462).

Sec. 5, art. 16, being the one especially in question, is as
follows:

"None of the permanent school fund shall ever be
loaned to private persons or corporations, but it may be
invested in national, state, county or municipal bonds."

The question as to whether school districts are municipal
corporations was discussed by this court in the case of
*Board of Directors v. Peterson*, 4 Wash. 147 (29 Pac. Rep.
995).  In considering the question generally, we were of
the opinion that they were such.  And in *Maxon v. School
District, supra*, when the question was before the court as
to whether they were included within the term "municipal
corporations" as used in the act of January 31, 1888 (Gen.
Stat., § 2415), we held that they were included.

It is contended that under the language of § 5, art. 16,
aforesaid, a distinction should be made, and that the bonds
of school districts should not be held to be included within
that section.  It will be noticed that in this section the
word "city" is omitted, and the word "other" does not
precede the word "municipal," and as counties are named
it is contended with some degree of force that if school dis-
tricts were intended to be included they would have been
mentioned also, or at least, that the word "other" would
have been employed.  Undoubtedly school districts are not
strictly municipal corporations within the definitions given
in the text books, and in some of the states they have been
held to be municipal corporations, and in others not, in
construing the laws of the particular state.

It will be noticed that this section prohibits the loaning
of the permanent school fund to private persons or corpo-
rations, and it will not be contended that school districts
are within the prohibition expressed.

If the further provision "but it may be invested in na-

tional, state, county or municipal bonds'' is to be held to be a limitation upon the power to invest, and we think that it must be, the special prohibition would in a measure be useless. However, it throws some light upon the intent of the section in determining what the limitation is. The apparent intent was to draw a distinction between private and public securities and only to prohibit investing the permanent school fund in private securities.

As a question of public policy there seems to be no good reason why there should be any prohibition from investing any part of this fund in school district bonds; while it is not for us to declare the policy of the state, the fact that they are admittedly usually regarded as desirable securities, and that it would seem to be an appropriate investment, is of some value in arriving at the intent of the section. The public authorities, in performing their duties, should, of course, exercise care in purchasing in all instances, and reject where questionable.

It is contended that while this section was under consideration before the constitutional convention, the question was considered as to whether school districts should be included, and that there was much opposition, and in consequence thereof that they were purposely omitted. We are not well advised as to this, however, and owing to the fact that these debates have not been published, what was discussed is rather a matter of memory than of record, and it is questionable whether any particular importance should be attached thereto in any event, for it may well be supposed that each individual member did not express his opinion in debate and that we must look for the sense or understanding of the whole in what was finally adopted rather than what was said in the discussion of the various questions considered by that body. It was in what was finally accomplished that the voice of the whole body found expression. Even in that case, when the labors of the

18 — 7 WASH.

convention were finally concluded, it resulted only in a *proposed* constitution, and it was this written document upon which the people acted and which was adopted.   If there was any well settled intention to exclude school district bonds from this provision, it seems that it would have been clearly and unequivocally expressed.   In the language used elsewhere in the constitution, in speaking of municipal corporations, there was no attempt to make any such distinction, and in fact it clearly appears that school districts were regarded as municipal corporations from the language usually employed.

It is further urged that it was the opinion of the last legislative assembly that school district bonds were not included within this constitutional provision, for the reason that said assembly passed an act providing for the submission of an amendment to this section of the constitution, especially including school district bonds (Laws 1893, p. 9), which act was approved February 6th.   It further appears, however, in § 25 of an act passed by that body, which was approved March 15th (Laws 1893, p. 401), creating the state board of land commissioners, that said board was especially authorized to invest this sum in school district bonds, and to hold otherwise would be to hold this part of said section unconstitutional.

Such questions are always approached with a great deal of caution, and the uniform rule is that, where doubt exists as to the constitutionality of an act of the legislature, the act is sustained (*Board of Directors v. Peterson, supra*), and we do not think that the action previously had with reference to this proposed constitutional amendment should take this later action of the legislature out of this general rule.   In § 34 of said act (Laws 1893, p. 402) it is declared that "all acts and parts of acts inconsistent with the provisions of this act are hereby repealed," and the act relating to the submission of the constitutional amendment

for the purpose of obtaining this particular authorization is certainly inconsistent with the later view that such authority is already possessed.

Upon the whole we do not think that there was any intention to exclude school district bonds from the provisions of this section of the constitution, and it would not be a well founded distinction to hold that in this particular instance school districts are not municipal corporations.

We are of the opinion that the writ must issue.

DUNBAR, C. J., and STILES and ANDERS, JJ., concur.

HOYT, J. (*dissenting*).—I dissent.   I think that there can be but one construction of the words "municipal bonds," used in the constitution, and that this construction will exclude bonds of school districts.