[No. 4174.   Decided March 22, 1902.]

## SPOKANE AND IDAHO LUMBER COMPANY, *Respondent,* v. JOSEPH H. BOYD *et al., Appellants.*

CONTRACTOR'S BOND — ACTION ON — PARTIES.

In an action at law by a material man upon the bond given under Gen. Stat., § 2415, by a contractor upon public works, the refusal of the court to make parties defendant to the suit other than the obligors on the bond is not error, even though the plaintiff may have a right of action against them for the same subject matter.

SAME — ASSIGNMENT OF CONTRACT TO SURETY — LIABILITY.

Where a surety upon a contractor's bond takes an assignment of the contract and undertakes to complete the work himself, his liability is not restricted to that imposed by the bond, but he becomes liable for all losses sustained under the contract.

SAME — DEFENSES.

The fact that a contractor was insane at the time he obtained a contract from the city for public work, which was known to the city officials, and the fact that the city officials falsely represented to an assignee of the contract that there was money enough remaining unpaid under the contract to complete the work, would not constitute defenses to an action by a material man upon the bond given by the contractor for the protection of material men and laborers, when the plaintiff is not shown to have participated in the fraud.

SAME — RELEASE OF SURETIES — EVIDENCE.

In an action against the sureties upon a bond, the release of a portion of them cannot be established by evidence that they advanced money to their own attorneys to be paid for their release, since such evidence is inadmissible as being hearsay.

Appeal from Superior Court, Spokane County.—Hon. GEORGE A. JOINER, Judge.   Affirmed.

*R. L. Edmiston* and *A. E. Gallagher* (*William T. Birdsall,* of counsel), for appellants.

*Samuel R. Stern,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This action was brought by respondent against the principal and his sureties to recover on a statutory bond given by a contractor to secure payment to laborers and material men for labor and material furnished in the construction of a bridge for the city of Spokane. Respondent recovered judgment for the amount prayed, and two of the sureties appeal.

This case, upon a former appeal to this court (see *Spokane & Idaho Lumber Co. v. Loy,* 21 Wash. 501, 58 Pac. 672), was reversed for the reason that three of the appellants at that time were not shown to have consented to an assignment of the contract, and were therefore not liable for materials furnished by respondent after the assignment thereof. It was held that the trial court erred in directing judgment for the respondent for substantially the whole amount claimed. The cause was remanded for further proceedings. When the cause was returned to the superior court, appellants Boyd and Dishman applied for and obtained leave of the lower court to file amended answers to the complaint. These answers denied the contract alleged in the complaint and the balance due, and alleged affirmative defenses substantially as follows: (1) Payment. (2) Payment by appellants in excess of their liability under the bond. (3) That the bond sued on is not the bond required by statute. (4) Fraud and deceit of Loy and the city officials in securing these appellants' signatures to the bond, coupled with ignorance of the facts until after action was commenced. (5) Insanity and irresponsibility of Loy at the time the contract was made. (6) Failure of Loy to perform work after he had received two-thirds of the price; fraudulent withholding by the city officials of knowledge of Loy's insanity from appel-

lants; fraudulent inducement by city officials to procure Boyd to complete the work. (7) The release of respondent since the reversal of the former judgment of certain sureties. The answer concluded with a prayer that the city of Spokane and the National Iron Works be made parties defendant. The court denied the application of appellants to make the city of Spokane and the National Iron Works parties. A reply was filed by the respondent, denying the allegations of the answers. A jury trial was had, and a verdict returned in favor of the respondent, upon which a judgment was entered.

The facts are substantially as follows: Defendant George J. Loy on February 18, 1897, entered into a contract with the city of Spokane to furnish material and construct for said city a bridge known as the "Olive Street Bridge," at the agreed price of $5,000. When this contract was let to Mr. Loy, the city required him to execute a bond to the state of Washington conditioned for the payment of all labor and material used in the construction of the bridge. These appellants and others executed and delivered the required bond, which is the bond sued on here. Respondent furnished lumber which was used in the bridge to the value of $1,200.33; $717.83 was paid, leaving a balance of $482.50. Respondent demanded the payment, which was refused. After the contract and bond had been entered into, and after the bridge was partially constructed, Loy assigned the contract to J. H. Boyd, one of the appellants and one of the sureties on the bond. Boyd completed the construction of the bridge. Appellant Bergman and others of the sureties consented to the assignment of the contract. Soon after this assignment, Loy became insane.

It is claimed now that the court erred in denying appellants' application to have the city of Spokane and the

National Iron Works joined as defendants. This was an action at law upon a statutory bond given by appellants, under § 2415, 1 Hill's Code. Neither the city of Spokane nor the National Iron Works was a party to the bond, and in no view of the case could they be made liable thereon. The bond was for the benefit of material men and laborers, and was required and given for that purpose. There seems to be no reason whatever for the National Iron Works to be made a party. The city is liable only where it has failed to take the bond required. See § 5926, Bal. Code. If the appellants are liable, the city is not liable, and *vice versa*. There is no joint liability of the city with the appellants. So that, in any event, the city is not a necessary party to the action. *Pacific Mfg. Co. v. School District,* 6 Wash. 121 (33 Pac. 68).

The cases cited by appellants are cases of equitable jurisdiction, or where the parties are jointly interested, and consequently do not apply here. In this case the respondent must recover under the bond against these particular appellants, or fail in the action. The fact that respondent may have a right of action against others for the same cause can be no defense in this action. It was not error to refuse to make the city or the National Iron Works a party defendant.

It is next complained that the trial court erred in excluding evidence offered by appellants in support of their several defenses. Appellants offered evidence to show that Boyd, after the assignment of the contract to him, was compelled to, and did, pay out much more than was coming from the city upon the contract, and in excess thereof more than his liability upon the bond. This evidence was clearly inadmissible, because Boyd assumed the contract and undertook to complete it himself. He was clearly liable for all losses sustained thereunder. If there

had been a profit, instead of a loss, he certainly would have been entitled to that profit. He cannot be heard to say now that his loss exceeded his liability under the bond. By assuming the contract, he assumed all losses in connection therewith, and was personally liable therefor, in addition to his liability on the bond. Appellants also offered to show that Loy was insane when he obtained the contract, and that the city officials knew he was insane at the time the contract was awarded, and that at the time Loy failed, and before Boyd undertook to complete the contract, the city officials falsely and fraudulently represented to Boyd that there was money enough to finish the bridge coming from the contract. All this evidence was objected to, and the objection was sustained, we think properly. It was not alleged in the answer that the respondent had anything to do with letting the contract to Loy or to Boyd, or had any knowledge of the fraud alleged. On the other hand, it appears that the respondent had nothing at all to do with the contract, or the letting thereof, or any interest therein; that it furnished the material under orders from Loy and Boyd, and had no other connection with the matter. The sureties on the bond vouched for the good judgment and responsibility of Loy, and, unless the fraud complained of was participated in by the respondent, or respondent had some connection therewith, it cannot be alleged as a defense against its claim. There was no evidence offered to prove payment of the claim. Evidence was offered to show a release of a part of the sureties; and two of the sureties (Mr. Dishman and Mr. Weeks) testified, in substance, that they advanced money to their separate attorneys, to be paid for their release; that their attorneys told them that they had been released. This evidence was clearly

hearsay, and was properly stricken, so that there was no evidence of a release.

After a careful examination of the record, we conclude no error was committed by the trial court, and the judgment is therefore affirmed.

REAVIS, C. J., and ANDERS, DUNBAR, WHITE, FULLERTON and HADLEY, JJ., concur.