Honorable Terry Bergeson Superintendent of Public Instruction P.O. Box 47200 Olympia, WA 98504-7200
Dear Dr. Bergeson:
By letter previously acknowledged, you asked for an opinion on whether school districts may lawfully expend public funds to pay the difference between the federal reimbursement for eligible children under federal school meal programs and the cost of providing meals to all participating children so that all students may participate in school breakfast programs. Specifically, you ask:
Would the use of state or local funds to pay the difference between thefederal reimbursement for eligible children under federal meal programsand the actual cost of providing meals at no cost to all participatingchildren constitute a gift of public funds in violation of article VIII,sections 5 and 7 of the Washington Constitution?
You explain that school districts wish to provide free, nutritious breakfasts to all children on test days. In addition, you further state that school districts would like to take advantage of a federal regulation that would permit districts to provide meals to students who do not qualify for federal school meal benefits if the district reimburses the federal agency for the cost of providing meals to students who otherwise are not eligible for them.
 BRIEF ANSWER
It likely would not violate article VIII, sections 5 or 7 of the Washington Constitution for school districts to use state or local funds to pay the difference between federal reimbursement and the actual cost of providing meals to all children who participate in the meal program. While providing nutritious meals to students does not appear to be a "fundamental purpose of government" as that concept has been developed by the courts, such programs likely would not violate the constitution, because the school districts receive consideration for providing the meals, and the school districts do not intend to make a gift to the participating students. The provision of food is incidental to the provision of educational services, a constitutional responsibility of the state, and a fundamental purpose for school districts. Therefore, we do not believe that a court would hold that expending public funds for this purpose would be unconstitutional.
 BACKGROUND
A. Constitutional Provisions Prohibiting Gifts Of Public Funds
The Washington Constitution prohibits state and local governments from giving or loaning public funds to individuals, companies, or associations. Article VIII, sections 5 and 7 set forth these prohibitions:
SECTION 5 CREDIT NOT TO BE LOANED. The credit of the state shall not, in any manner be given or loaned to, or in aid of, any individual, association, company or corporation.
SECTION 7 CREDIT NOT TO BE LOANED. No county, city, town or other municipal corporation shall hereafter give any money, or property, or loan its money, or credit to or in aid of any individual, association, company or corporation, except for the necessary support of the poor and infirm, or become directly or indirectly the owner of any stock in or bonds of any association, company or corporation.
Although these provisions are worded differently, the Washington Supreme Court has held that they have the same meaning, and the courts have applied the same analysis in deciding their application. City of Tacomav. Taxpayers, 108 Wn.2d 679, 702 n. 13, 743 P.2d 793 (1987). These provisions apply to school districts, which are municipal corporations.See State ex rel. Sch. Dist. 24 v. Grimes, 7 Wn. 270, 34 P. 836 (1893).
B. School Meal Programs
School districts are authorized to prepare and provide meals to students (RCW 28A.235.120) and are required to "develop and implement plans for a school breakfast program in severe-need schools". RCW 28A.235.140(2). Students whose family income is below a certain threshold are eligible for free or reduced price school meals under federal school meal programs. See 42 U.S.C. § 1751 et seq.; 42 U.S.C. § 1771 et seq.; RCW 28A.235.140(1)(a), (b). Simply put, the federal government reimburses participating states for the cost of providing meals to those students who meet the eligibility requirements for free or reduced cost meals. See
42 U.S.C. § 1756-57. The federal government reimburses the Superintendent of Public Instruction, which in turn reimburses the school districts for these costs. See 42 U.S.C. § 1756-57; WAC 392-157. The Superintendent of Public Instruction also administers the state funds expended in school meal programs. WAC 392-157-130.
Under federal school meal programs, states are permitted to offer free meals to all students, regardless of eligibility requirements, so long as the state pays, with funds from non-federal sources, the difference between the cost of providing the meals and the amount of the federal reimbursement for the program. 7 C.F.R. § 245.9(b), (c). From your letter, we understand that school districts are interested in providing breakfast to all students, even those who do not qualify for free or reduced price meals, pursuant to 7 C.F.R. § 245.9(b) and (c) ("Provisions 2 and 3").[1] Both of these provisions permit schools to provide meals to all students, but they require the state to pay the difference between the cost of the meals and the federal reimbursement, which is paid to the state according to the number of eligible children participating in the meal programs. Id.
You advise that school districts are interested in providing students with breakfast under Provisions 2 and 3 for two reasons. First, following Provisions 2 and 3 will result in less paperwork and reduced administrative costs than the remaining option, Provision 1, which requires more extensive record-keeping. Compare 7 C.F.R. § 245.9(a) (Provision 1) with 7 C.F.R. § 245.9(b) and (c) (Provisions 2 and 3). Second, research has shown that students who participate in free school meal programs have improved academic and behavioral performance in school.[2]
 ANALYSIS
In determining whether a gift of public funds has taken place, the courts apply a two-part analysis. The first inquiry is whether the funds are being expended to carry out a fundamental purpose of government. If the answer to this question is yes, then there has been no gift of public funds. If the answer to the first question is no, then the courts will look to the consideration received by the governmental entity for the expenditure of public funds and the donative intent of the governmental entity in order to determine whether there has been a gift. CLEAN v.State, 130 Wn.2d 782, 797-98, 928 P.2d 1054 (1996).
A. Providing Free Or Reduced Cost Meals To All School Children,Regardless Of Eligibility, Is Not A "Fundamental Purpose Of Government"Under Washington's Constitution And Basic Education Statutes
1. Basic Education Is a Fundamental Purpose of Government.
The Washington Constitution provides that the state has a "paramount duty" to provide for the education of children within the state. Const. art. IX, § 1. The Washington Supreme Court has interpreted this provision to create an affirmative obligation on the part of the state to broadly provide for education:
 [T]he State's constitutional duty goes beyond mere reading, writing and arithmetic. It also embraces broad educational opportunities needed in the contemporary setting to equip our children for their role as citizens and as potential competitors in today's market as well as in the marketplace of ideas. Education plays a critical role in a free society. It must prepare our children to participate intelligently and effectively in our open political system to ensure that system's survival. It must prepare them to exercise their First Amendment freedoms both as sources and receivers of information; and, it must prepare them to be able to inquire, to study, to evaluate and to gain maturity and understanding. The constitutional right to have the State "make ample provision for the education of all (resident) children" would be hollow indeed if the possessor of the right could not compete adequately in our open political system, in the labor market, or in the market place of ideas.
Seattle Sch. Dist. v. State, 90 Wn.2d 476, 517-18, 585 P.2d 71 (1978) (citations and quotations omitted). Although the court defined the state's obligation broadly, the court made plain that the obligation is not without bounds, but it is limited to "basic education." Id. at 519. The court did not define "basic education," except to say that basic education does not mean all possible instruction, programs, subjects, or services. Id. The Legislature has defined "basic education" through a list of goals (RCW 28A.150.210) and specific educational program requirements designed to meet those goals. See, e.g., RCW 28A.150.220, .250, .260.
2. Under Washington Law, Providing Free Meals to Students Is Not aComponent of Basic Education and Therefore Not a Fundamental Purpose ofGovernment.
The Legislature has authorized school districts to permit students who do not meet the eligibility requirements for free meals to participate in the districts' school breakfast programs, and it has further authorized the districts to charge those students for the meals. RCW 28A.235.140(5). However, the Legislature expressly has said that school breakfast programs are not included within the state's obligation to provide for basic education. Id. While providing basic education is a fundamental purpose of government, by statute, providing free meals is not.
B. A Program That Provides A Free Breakfast To School Children Does NotViolate The Constitution Because The School Districts ReceiveConsideration In Return For Providing The Meals, And The Districts Do NotIntend To Make A Gift
Upon concluding that providing free meals to students who are not eligible for them is not a fundamental purpose of government as contemplated by our state's constitution, the next step in the analysis is to assess whether the school districts receive consideration for providing the meals and whether the school districts intend to make a gift to the students receiving the meals. See Tacoma v. Tacoma Taxpayers,108 Wn.2d at 703 (citing Adams v. Univ. of Wash., 106 Wn.2d 312, 327,722 P.2d 74 (1986)). If the school districts receive consideration and do not intend to confer a gift, there is no gift of public funds. King Cy. v. Taxpayers of King Cy., 133 Wn.2d 584, 597,949 P.2d 1260 (1997).
From your letter, it appears that the school districts do not intend to make a gift to the students who participate in the free breakfast program. The purpose of the program is not to confer a gratuitous benefit on students or their families but to enhance and facilitate the school districts' mission of providing public education. Further, as discussed below, the school districts intend to take advantage of a federal rule that eases the amount of paperwork the districts must submit to the federal agency. The program is intended to improve the academic performance of students. Therefore, there is no intent to make a gift to the students.
If there is no intent to make a gift, then the courts will not closely scrutinize the consideration but will assess the consideration for legal sufficiency. Tacoma Taxpayers, 108 Wn.2d at 703. Legal sufficiency is not a matter of comparative value but is a matter of what will support the promise. King Cy., 133 Wn.2d at 597. Under this analysis, the courts will not scrutinize whether the school districts receive dollar-for-dollar consideration but will look to whether the benefits the districts receive support their expenditures for the meals. See id. (courts are reluctant to delve into adequacy of consideration because such analysis would interfere with the government's decision-making).
Under the facts you have provided, the school districts receive consideration for providing free meals to students who are not eligible for them. You note that by providing meals to all students, school districts are required to submit less paperwork to the federal agency, which reduces the school districts' costs to participate in the federal programs. The reduced costs 1) free school district staff time for other uses and 2) financially benefit the districts. Based on the benefits you have stated, then, we conclude that the school districts would receive actual cost savings by providing free meals to students. Therefore, the school districts would receive sufficient consideration for the meals.
The Washington Supreme Court will narrowly apply the prohibition on gifts of public funds "to remedy more precisely `the evils the framers sought to prevent.'" Id., 133 Wn.2d at 596 (quoting Tacoma Taxpayers,108 Wn.2d at 701-02). The purpose of the constitutional prohibitions against gifts of public funds is to prevent state funds from being used to benefit private interests where the public interest is not primarily served. CLEAN, 130 Wn.2d at 797. A program that provides free meals to all students does not violate the constitution simply because individual students receive a benefit. "Where the public receives sufficient consideration, and benefit to an individual is only incidental to and in aid of the public benefit, no unconstitutional gift has occurred." City of Tacoma, 108 Wn.2d at 705.
In addition to the public benefit of cost savings to school districts, you also state that there is extensive research linking improved academic and behavioral performance with free nutritious meals, such as by reducing hyperactivity, absenteeism, and tardiness. While a meal program does not produce traditional "consideration" in the form of money or property, such programs make it easier for students to learn and thus make it easier for school districts to meet their educational goals with good success rates. In this manner, the free meal becomes an adjunct support component of the educational program, much like recess breaks, field trips, rest periods (for young children), and physical exercise. None of these is "education", strictly speaking, but a successful educational program includes attention to the students' physical and psychological needs as well. This benefit to the district's educational program amounts to substantial "consideration" for the district's expenditure, although indirect and not capable of easy measurement.
Thus, there is a clear public benefit, and neither the primary purpose nor the primary effect of the program is to make a gift or to confer an unearned benefit on the students who participate in the free breakfast program. Assuming that school districts are in compliance with substantive and procedural statutes governing their operations, we see no constitutional bar to a program of the type described in your request.
We trust that this opinion will be of assistance to you.
 Sincerely, SHANNON E. SMITH Assistant Attorney General
[1] Obviously, if a district provided publicly-funded breakfasts only to students meeting income eligibility standards, the "poor and infirm" exception to the constitutional prohibition on gifts of public funds would almost certainly apply. Your question arises because some school districts would like to make school-provided breakfast available to all students, some of whom would not meet the "poor and infirm" standard set forth in the constitution.
[2] For purposes of this opinion, we will assume that following the practice described would result in reduced administrative costs and that school meal programs benefit the education program. We have no reason to doubt the truth of either proposition.